IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHANTEL SELTZER, #444507         *

        Plaintiff         *

        v.         *   CIVIL ACTION NO. GLR-16-1225

HOWARD COUNTY DETENTION CENTER*
HOWARD COUNTY DEPARTMENT OF
  CORRECTIONS         *

        Defendants.         *
                        *****

**MEMORANDUM OPINION**

Plaintiff Chantel Seltzer, a prisoner currently housed at the Maryland Correctional Institution for Woman in Jessup, Maryland, filed a Complaint on April 25, 2016 alleging claims under 42 U.S.C. § 1983 and seeking unspecified relief against the Howard County Detention Center ("HCDC"). (Compl., ECF No. 1). For the reasons stated below, the Court will grant Seltzer's Motion for Leave to Proceed In Forma Pauperis and dismiss her Complaint for the failure to state a colorable constitutional claim.

Seltzer alleges she experienced injuries to her back and arm after falling in a puddle of water while housed at the HCDC in October of 2015.[1] (Compl.). The Complaint was accompanied by a Motion for Leave to Proceed In Forma Pauperis. (ECF No. 2). On April 28, 2016, Seltzer filed a "Supplemental" Complaint against the Howard County Department of Corrections, again alleging that in October of 2015, she fell in a puddle of water coming from a ceiling while confined at the

---

[1] The Maryland Judiciary Website confirms that in June of 2015, Seltzer was convicted of theft under $1,000.00 and was sentenced to a twelve-month term. See State v. Seltzer, 1T00091071

HCDC.  (ECF No. 3).  She further contends that she was provided medication for ten days, which did not help.  (Id.).  Lastly, Seltzer claims that "at this time I really can't do nothing with my back hurting and my shoulder pain.  They lie and told me there was nothing wrong, but my shoulder was blown up on my left side."  (Id.).

On May 23, 2016, the Court dismissed the claims filed against the HCDC, finding that it was not a person subject to suit under 42 U.S.C. § 1983.[2]  (ECF No. 5).  The Court granted Seltzer additional time to amend her Complaint so as to name all the proper party Defendant(s) and discuss, in detail, their involvement in her claims; discuss how their unconstitutional misconduct caused her personal injury; and inform the Court what relief she is seeking.  The Court stayed a decision on Seltzer's Motion for Leave to Proceed In Forma Pauperis.  (Id.).

Seltzer has filed a court-ordered Amended Complaint.  (ECF No. 6).  She again claims that while housed at the HCDC in October of 2015, she slipped in a puddle of water and fell on her shoulder and back.  (Id.).  She contends that a correctional officer covered the puddle with a blanket, but did not call the medical department until four to five minutes after the officer completed his or her round of the housing unit "pod."  (Id.).  Seltzer alleges that an unnamed treating nurse kept her waiting in the medical department for an hour before seeing her and denied Seltzer's request for an x-ray of her arm and shoulder, gave her a Motrin tablet and a cloth sling, and sent her back to her

---

(Howard Cty. Dist. Ct.).  She, therefore, was no longer a pre-trial detainee at the time of the incident.
    [2] The Howard County Department of Corrections is likewise not a proper defendant in a 42 U.S.C. § 1983 action, for which a plaintiff must allege injury by a "person" acting under color of state law. See 42 U.S.C. § 1983; Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 690 & n.55 (1978).

housing unit.[3] (Id.). Seltzer seeks compensation for all the medical expenses she incurred from the accident and for her pain and suffering. (Id.).

The Eighth Amendment prohibits unnecessary and wanton infliction of pain by virtue of its guarantee against cruel and unusual punishment. Gregg v. Georgia, 428 U.S. 153, 173 (1976). Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment. De'Lanta v. Angeline, 330 F. 3d 630, 633 (4th Cir. 2003) (citing Wilson v. Seater, 501 U.S. 294, 297 (1991)). In order to state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendants, or their failure to act, amounted to deliberate indifference to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); see also Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). Deliberate indifference to a serious medical need requires proof that, objectively, the plaintiff was suffering from a serious medical need and that, subjectively, the prison staff was aware of the need for medical attention but failed to either provide it or ensure that the needed care was available. See Farmer v. Brennan, 511 U.S. 825, 837 (1994).

As noted above, objectively, the medical condition at issue must be serious.[4] See Hudson v. McMillian, 503 U.S. 1, 9 (1992) (there is no expectation that prisoners will be provided with

---

[3] Seltzer also alleges that HCDC Lieutenant Wilson signed off on a grievance she filed against the correctional officer and nurse. She complains she was not provided a copy of the grievance and that the grievance was later dismissed without reason. (Compl. at 3). To the extent that Seltzer wishes to file suit against Wilson, she has not stated a cause of action. There is no constitutional entitlement to participate in a prison grievance process. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994).

[4] A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko, 535 F.3d at 241 (citing Henderson v. Sheahan, 196 F.3d 839, 846 (7th Cir.

unqualified access to health care).  Proof of an objectively serious medical condition, however, does not end the inquiry.

The subjective component requires "subjective recklessness" in the face of the serious medical condition.  Farmer, 511 U.S. at 839–40.  True subjective recklessness requires knowledge both of the general risk and also that the conduct is inappropriate in light of that risk.  Rich v. Bruce, 129 F. 3d 336, 340 n.2 (4th Cir. 1997).  "Actual knowledge or awareness on the part of the alleged inflicted . . . becomes essential to proof of deliberate indifference because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment."  Brice v. Virginia Beach Correctional Center, 58 F. 3d 101, 105 (4th Cir. 1995) (quoting Farmer, 511 U.S. at 844).  If the requisite subjective knowledge is established, an official may avoid liability "if [he] responded reasonably to the risk, even if the harm was not ultimately averted."  Farmer, 511 U.S. at 844.  Reasonableness of the actions taken must be judged in light of the risk the defendant actually knew at the time.  See Brown, 240 F. 3d at 390 (citing Liege v. Norton, 157 F. 3d 574, 577 (8th Cir. 1998)) (focus must be on precautions actually taken in light of suicide risk, not those that could have been taken).  Inmates do not have a constitutional right to the treatment of their choice, Dean v. Coughlin, 804 F.2d 207, 215 (2d Cir. 1986), and disagreements between medical staff and an inmate over the necessity for, or extent of, medical treatment do not rise to a constitutional injury.  See Estelle, 429 U.S. at 105–06;  Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

Seltzer states that on October 28, 2015, she fell in a puddle of water, landed on her shoulder and back, and HCDC Correctional Officer Watkins did not immediately call the medical department,

---

1999).

but waited until he or she completed their round of the housing unit instead. She further asserts that an unnamed nurse caused her to wait for an hour before seeing her, refused to conduct an x-ray for her shoulder and arm, and initially only gave her an analgesic for pain and a sling for her arm and shoulder. Seltzer previously noted that she subsequently received a course of pain medication for a ten-day period. Her disagreement with the timing of—and the course of—treatment she received does not set out a constitutional claim. While Seltzer's accident was unfortunate, at no point does she demonstrate that HCDC personnel denied her care for a serious medical need or that her injury was exacerbated by the denial of further care. Although afforded the opportunity to amend her Complaint, Seltzer has failed to show an Eighth Amendment deprivation.

For the foregoing reasons, Seltzer's Motion to Proceed In Forma Pauperis will be granted, but her Complaint will be dismissed. A separate Order follows.

Date: February 28, 2017                           /s/
                                           George L. Russell, III
                                           United States District Judge